UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
UNITED STATES OF AMERICA,

        - against -                                **MEMORANDUM AND ORDER**

DEXTER FRANCIS,                                Case No. 97-cr-1121 (RJD)

                      Defendant.
-------------------------------------------------------- X
DEARIE, District Judge

      Dexter Francis is currently serving multiple life sentences stemming from his role as the leader of a violent criminal organization. Following a 1999 jury trial, Francis was convicted of racketeering (Count One), racketeering conspiracy (Count Two), conspiracy to murder in aid of racketeering (Counts Three and Seven), murder in aid of racketeering (Count Eight), use of a firearm during a crime of violence (Counts Nine and Twelve), conspiracy to commit robbery (Counts Ten and Eleven), conspiracy to possess with intent to distribute marijuana (Count Twenty), and use of a firearm in relation to drug trafficking (Count Twenty-One). See Judgment, ECF No. 267, at 1-2.

      At sentencing, the Court calculated a total offense level of 48, a criminal history category of II, and imposed a sentence of life imprisonment on Counts One, Two and Eight (to run concurrently); 120 months on Counts Three and Seven (to run concurrently to all counts); 240 months on Counts Ten and Eleven (to run concurrently to all counts); 480 months on Count 20 (to run concurrently to all counts); sixty months on Count Nine (to run consecutively to all counts); 240 months custody on Count 12 (to run consecutively to all counts); and 240 months custody on Count 21 (to run consecutively to all counts). See Judgment at 3, 7; Addendum to PSR, ECF No. 476, at 1. The life sentence on Count Eight was mandatory. See 18 U.S.C. 1959(a)(1). In total, Mr. Francis's sentence is life plus 540 months. That sentence was affirmed

by the Second Circuit. See United States v. James, 239 F.3d 120, 126 (2d Cir. 2000). Francis, who is currently incarcerated at FCI Coleman Medium, moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Francis Rep.,[1] ECF No. 502, at 1.

Section 3582(c)(1)(A) authorizes a court to reduce a term of imprisonment only if a defendant demonstrates both (1) that extraordinary and compelling reasons warrant a modification of their sentence and (2) that the factors outlined in 18 U.S.C. § 3553(a) support such a modification. See 18 U.S.C. § 3582(c)(1)(A); see also United States v. Keitt, 21 F.4th 67, 71 (2d Cir. 2021) (summarizing standard). Francis does not satisfy his burden under either of the § 3582(c)(1)(A) requirements. His motion is denied.[2]

1. Extraordinary and Compelling Reasons for Sentence Modification

Francis submits that he suffers from an extreme case of hypertension, which presents the chance to cause severe injury if he contracts COVID-19.[3] This "chance" does not constitute an extraordinary and compelling reason for release. Francis has received the COVID-19 vaccine, Gov't Opp. Ex. 1, ECF No. 501, at 29, which the FDA describes as 85% effective in the prevention of severe COVID-19 infections.[4] And while Francis states that COVID-19 has ravaged FCI Coleman, infections are currently under control at the facility, which reported two

---

[1] Francis's opening submission sought the assistance of counsel for his 18 U.S.C. § 3582(c)(1)(A) motion, but did not include substantive information about the nature of his request for compassionate release. See Francis Mot., ECF No. 499. The majority of Francis's arguments cited herein are taken from his reply submission.

[2] The compassionate release statute requires that defendants exhaust administrative rights prior to seeking relief from the courts. 18 U.S.C. § 3582(c)(1)(A). Because more than 30 days elapsed without response following Mr. Francis's request for release from the Warden of FCI Coleman on August 29, 2021, see Francis Mot. at 4, this requirement is satisfied.

[3] Francis's opening motion makes reference to "severe medical conditions" but does not specify which medical conditions put him at risk. See Francis Mot. at 4. As he only addresses hypertension in his reply, the Court will deem that to be the only medical condition at issue.

[4] See https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/janssen-covid-19-vaccine-frequently-asked-questions.

inmate infections and two employee infections as of February 28, 2022.[5] As numerous courts have held, with the widespread availability of vaccines, "the abstract threat of COVID-19 is no longer commonly accepted as a justification for compassionate release[,]" even for defendants who may suffer from underlying conditions. United States v. Brown, No. 18-cr-339, 2021 WL 5233506, at *3 (S.D.N.Y. Nov. 10, 2021); see also United States v. Hall, No. 19-cr-74, 2021 WL 5823304, at *2 (D. Conn. Dec. 8, 2021) (denying compassionate release for inmate with hypertension and noting "[n]umerous courts have held that an inmate does not present 'exceptional circumstances' on the basis of medical conditions which raise the risk if COVID-19 is contracted, when that inmate has been fully vaccinated against the virus.").

Francis next contends that a sentence reduction is warranted because he would receive a lower term of imprisonment if sentenced today. Francis asks the Court to recalculate his sentence based on U.S. v. Booker, 543 U.S. 220 (2005), which made sentencing guidelines discretionary, and the First Step Act, which would permit the unstacking of his § 924(c) counts. Francis Rep. at 3-4. Francis, however, ignores his conviction for murder in aid of racketeering under 18 U.S.C. § 1959(a)(1) (Count Eight), which carried a mandatory sentence of life imprisonment. See United States v. James, 239 F.3d 120, 126-127 (2d Cir. 2000) (affirming that Francis's § 1959 conviction carried a mandatory life sentence). That offense continues to carry a mandatory sentence of life imprisonment today and Francis has submitted no facts sufficient to warrant a modification of his sentence on that Count. Accordingly, any unstacking of Francis's § 924 offenses or deviation from the guidelines for his non-mandatory sentences would have no material impact on the life sentence Francis is currently serving. See Young v. United States, No. 06-cr-285, 2020 WL 5077248, at *3 (E.D.N.Y. Aug. 27, 2020) (noting "[r]esentencing is

---

[5] See https://www.bop.gov/coronavirus/.

particularly inappropriate where a petitioner is serving a mandatory life sentence for an unchallenged conviction" and finding that defendant serving a mandatory life sentence under 18 U.S.C. § 1959(a)(1) was not entitled to resentencing on other convictions, including § 924(c) counts); Guzman v. United States, 277 F. Supp. 2d 255, 264 (S.D.N.Y. 2003), aff'd, 112 F. App'x 766 (2d Cir. 2004) (declining to reduce sentence on drug conspiracy charges as futile when defendant was serving multiple life sentences on other charges).

2. 18 U.S.C. § 3553(a) Factors

Even if the Court found that extraordinary and compelling reasons justified a recalculation of Francis's sentence, the § 3553(a) factors do not support such a remedy. The life sentence Francis is serving reflects the extremely grievous nature of his crimes. Francis occupied a leadership role in a violent criminal organization and was found guilty of murder, conspiracy to commit murder, armed robbery, and narcotics distribution. See PSR, ECF No. 465, ¶ 42. Francis's sentence reflects the §3553(a) factors including the seriousness of his offenses, the need for deterrence, and public protection. Francis's conclusory assertions that he has rehabilitated himself, no longer poses a threat to the community, and is unlikely to recidivate due to age do not outweigh the seriousness of the many crimes he chose to commit.

## CONCLUSION

For the foregoing reasons, Francis's motion is denied.

SO ORDERED

Dated: Brooklyn, New York  /s/ Raymond J. Dearie
      February 28, 2022  RAYMOND J. DEARIE
                                  United States District Judge